CATHERINE S. MEULEMANS #146276
JENNIFER S. MUSE #211779
ARMSTRONG TEASDALE LLP
Three Embarcadero Center, Suite 2310
San Francisco, CA 94111-4039
Telephone: (415) 433-1500
Facsimile: (415) 433-1508

Attorneys for Defendant
RAMADA WORLDWIDE INC.

UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| SUE MCGINNIS, an individual<br><br>Plaintiff,<br><br>vs.<br><br>RAMADA WORLDWIDE INC., a Delaware Corporation, and DOES 1 to 25<br><br>Defendants. | CASE NO. CV 07-06471 JCS<br><br>**DEFENDANT RAMADA WORLDWIDE INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Honorable: Joseph C. Spero<br>Trial Date: TBD |

Defendant RAMADA WORLDWIDE INC. ("Defendant") answers the Complaint filed on behalf of Plaintiff SUE MCGINNIS ("Plaintiff") as follows:

1. Plaintiff is a resident of California and Defendant is a Delaware corporation with its principal place of business in Parsippany, New Jersey.

2. Plaintiff did not identify the number of pages included in the pleading. However, Defendant was served with four (4) pages which consisted of a Form Complaint and a single Cause of Action for Premises Liability.

3. Defendant does not have sufficient information to admit or deny the information contained in Paragraph 3 of Plaintiff's Complaint and on that basis denies the allegations in their entirety.

4. Plaintiff does not contend that Defendant is doing business under a fictitious name.

5. Defendant admits that it is a Delaware corporation.

//

//

6.	Defendant does not have sufficient information to admit or deny the information contained in Paragraph 6 of Plaintiff's Complaint and on that basis denies the allegations in their entirety.

7.	Plaintiff has not identified any Defendants who have been joined under California Code of Civil Procedure section 382.

8.	Defendant does not have sufficient information to admit or deny the allegations regarding the location of the personal injury as set forth in Paragraph 8 of Plaintiff's Complaint and on that basis denies the allegations in their entirety. In addition, and as set forth in Defendant's Notice of Removal, Defendant disputes the jurisdiction of the California Superior Court for San Mateo County on the grounds that Plaintiff and Defendant are residents of different states and, therefore, diversity of citizenship exists as set forth in 28 U.S.C. § 1332(c)(1). Moreover, Defendant contends that the damages claimed by Plaintiff in her Complaint exceed the jurisdictional limits this Court.

9.	Defendant admits that Plaintiff is not required to comply with a claims statute.

10.	Defendant denies the allegations contained in Paragraph 10 of the Complaint which include, by incorporation, the statements contained in "Cause of Action – Premises Liability."

11.	Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.	Plaintiff does not seek damages for wrongful death.

13.	Defendant does not have sufficient information to admit or deny the information contained in Paragraph 13 of Plaintiff's Complaint and on that basis denies the allegations in their entirety.

14.	Defendant denies the allegations contained in Paragraph 14 of the Complaint.

### DEFENDANTS' AFFIRMATIVE DEFENSES

**First Affirmative Defense**

As Defendant's first affirmative defense to each and every cause of action of Plaintiff's Complaint, Defendant alleges that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

### Second Affirmative Defense

As Defendant's second affirmative defense to each and every cause of action of Plaintiff's Complaint, Defendant alleges that Plaintiff's Complaint is barred by the applicable statute of limitations.

### Third Affirmative Defense

As Defendant's third affirmative defense to each and every cause of action of Plaintiff's Complaint, Defendant alleges that the Plaintiff has waived and/or is estopped from alleging the matters set forth Plaintiff's Complaint.

### Fourth Affirmative Defense

As Defendant's fourth affirmative defense to each and every cause of action of Plaintiff's Complaint, Defendant alleges that Plaintiff's Complaint is barred by the doctrine of laches.

### Fifth Affirmative Defense

As Defendant's fifth affirmative defense to each and every cause of action of Plaintiff's Complaint, Defendant alleges that Plaintiff has failed to mitigate its damages.

### Sixth Affirmative Defense

As Defendant's sixth affirmative defense to each and every cause of action of Plaintiff's Complaint, Defendant alleges that the injuries or damages of which Plaintiff complains were proximately caused by or contributed to by the acts of other person, and/or entities, over whom Defendant did not have control, and said acts were the intervening and superseding cause of the injuries and damages, if any, for which Plaintiff complains, thus barring her from any recovery against Defendant.

### Seventh Affirmative Defense

As Defendant's seventh affirmative defense to each and every cause of action of Plaintiff's Complaint, Defendant alleges that Plaintiff was careless and/or negligent in connection with the matters alleged in the Complaint, and that said carelessness and/or negligence proximately caused or contributed to the claims, losses and damages, if any, and Plaintiff's claims for damages are barred altogether or proportionately reduced based upon Plaintiff's own carelessness, fault or negligence.

//

//

### Eighth Affirmative Defense

As Defendant's eighth affirmative defense to each and every cause of action of Plaintiff's Complaint, Defendant alleges that it is entitled to indemnification by apportionment and to a right of contribution from any person or entity whose negligence proximately contributed to the happening of Plaintiff's alleged damages or injuries.

### Ninth Affirmative Defense

As Defendant's ninth affirmative defense to each and every cause of action of Plaintiff's Complaint, Defendant alleges that Plaintiff voluntarily assumed the risk of injury and damage alleged in the Complaint with full knowledge and appreciation of the magnitude thereof.

### Tenth Affirmative Defense

As Defendant's tenth affirmative defense to each and every cause of action of Plaintiff's Complaint, Defendant presently has insufficient information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Therefore, Defendant reserves its right to assert additional defenses in the event the discovery indicates that they would be appropriate.

### DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of the Complaint on file herein;

2. For cost of suit incurred herein; and

3. For such other and further relief as the Court deems just and proper.

DATED: January 2, 2008

ARMSTRONG TEASDALE LLP

By: _____
Jennifer S. Muse
Attorneys for Defendant RAMADA WORLDWIDE INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, I am over the age of eighteen years and not a party to the within entitled action; my business address is Three Embarcadero Center, Suite 2310, San Francisco, California, 94111.

On January 2, 2008, I served a copy of the following document described as

**DEFENDANT RAMADA WORLDWIDE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

on the interested party in this action as follows:

Ashwin Ladva
Ladva, Shoker & Associates
530 Jackson Street
San Francisco, CA  94113
Tel: 415-296-9844
Fax: 415-296-8844

By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on that date following ordinary business practices, I am "readily familiar" with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in San Francisco, California, in a sealed envelope with postage fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on <u>January 2, 2008</u>, at San Francisco, California.

_____
Ann Liu

Proof of Service